Dear Dr. Mack:
This office is in receipt of your letter dated April 18, 1996, addressed to Senator Johnston in which you present certain questions relative to your office's ability to collect fees. Your letter was forwarded to this office for reply. Specifically, you ask whether your office can charge for the disbursement of autopsy reports which are considered the final medical record of a deceased person. You cite LSA-R.S. 40:1299.96(A), which allows for the charging of such fees by certain health care providers, both private and public, but specifically excludes the coroner's office in its reference to LSA-R.S. 40:1299.39 and LSA-R.S.40:1299.4, except in cases where such office is acting pursuant to the Mental Health Law Act.
LSA-R.S. 40:1299.96(A) and the included defining statutes are comprehensive rather than illustrative and, therefore, bar any general collection by your office under their authority. However, your office may collect these fees pursuant to the Public Records Act. As a general rule, all records preserved by a public body are subject to public examination under the provisions of LSA-R.S. 44:1 et seq. In Opinion Number 94-271, this office stated:
 Under this statutory provision "all" writing prepared by the coroner for use in the conduct of any business which is performed under the authority of law would be subject to public inspection, unless such records are a part of a criminal investigation or death of a child under seven. It was noted this was especially true in light of the mandate that the Public Records Act must be liberally construed so as to enlarge rather than restrict access to public records by the public.
The requested reproduction and release of final medical reports compiled by the coroner's office is a legal disbursement of public records. The fees to be charged for this disbursement are provided for in LSA-R.S. 44:32, which, in pertinent part, states:
 C. (1) (a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
In determining what constitutes "reasonable fees", Attorney General Opinion 96-79 advised a mayoral office to follow LSA-R.S.39:241, which authorizes the commissioner of administration to develop a uniform fee schedule for copies of public records of executive branch state agencies. We urge your office to adopt this schedule in order to ensure objective reasonableness for the fees charged by your office.
In conclusion, your office cannot charge for the disbursement of final medical records under R.S. 40:1299.96(A) as your office is not included in the statutory definition of a "health care provider." However, your office may charge for the disbursement of such information under the Public Records Act. LSA-R.S. 44:1 et seq. These fees must be reasonable pursuant to LSA-R.S. 44:32.
I trust this addresses your concerns. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
RPI/CMF
a:cmf/opinions96/96-270.op
cc: Senator J. Bennett Johnston
Date Received: Date Released: June 23, 1996
Carlos M. Finalet, III Assistant Attorney General
Senator J. Bennett Johnston 1510 One American Place Baton Rouge, Louisiana 70825